UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| TERRANCE E. LACEY, SR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:18-CV-343 PPS |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Terrance E. Lacey, Sr., a prisoner without a lawyer, filed a habeas corpus petition

to challenge his conviction for manufacture and distribution of a substance resembling a

controlled substance under Cause No. 2D04-1705-F5-131. On November 9, 2017,

following a guilty plea, the Allen Circuit Court sentenced Lacey to five years of

incarceration with two years suspended subject to two years of probation. However,

before considering the merits of Lacey's habeas corpus petition, I must ensure that he

has presented his claims "through one complete round of State-court review." *Lewis v.*

*Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004). "This means that the petitioner must

raise the issue at each and every level in the state court system, including levels at

which review is discretionary rather than mandatory." *Id.*

Here, Lacey's habeas petition indicates that he has not presented some of his

claims to any State court; that he has other claims pending in the State courts; and that

he has never presented any of his claims to the Indiana Supreme Court. Therefore, he has not exhausted his State court remedies and this case must be dismissed without prejudice so that he can exhaust his claims in the State courts. If, after he has ultimately presented his claims to the Indiana Supreme Court, he has not yet obtained relief, then he may return to federal court and file a new habeas corpus petition.

When dismissing a habeas corpus petition because it is unexhausted, I must "consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Here, Lacey's one-year limitations period for federal habeas review began to accrue when his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). Lacey was sentenced on November 9, 2017, and did not appeal his conviction. When a State prisoner does not complete all levels of direct review, his conviction becomes final when the time for seeking such review expires. *Gonzalez v. Thayer*, 565 U.S. 134, 150 (2012). Appeals to the Court of Appeals of Indiana must be filed within thirty days of the trial court's judgment. This means that Lacey's conviction became final on December 9, 2017. Additionally, filing a motion for post-conviction relief in the State courts tolls the one-year limitations period. *Id.* § 2244(d)(2). Therefore, dismissing this petition will not effectively end his chance at habeas corpus review because he will have ample time to return to this court after he exhausts his claim in State court. In sum, a stay is not appropriate for this case.

Pursuant to Section 2254 Habeas Corpus Rule 11, I must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As previously explained, the claims presented by Lacey are unexhausted. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, a certificate of appealability must be denied.

For these reasons, the court:

(1) DISMISSES WITHOUT PREJUDICE the petition pursuant to Section 2254 Habeas Corpus Rule 4 because the claims are unexhausted;

(2) DENIES a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on June 8, 2018.

/s/ Philip P. Simon
Judge
United States District Court